1 **AARON & WILSON, LLP**
ROBERT S. AARON (SBN 138903)
2 TIMOTHY C. WILSON (SBN 173928)
33 New Montgomery Street, Sixth Floor
3 San Francisco, California 94105
Telephone: (415) 537-0700
4 Facsimile: (415) 537-0070

5 *Attorneys for Defendants*
FIZZEE'S, LLC erroneously sued herein as FIZZEE'S BAR, 3954 GEARY
6 BLVD, SAN FRANCISCO, CA and ALBERTS 1987 TRUST erroneously
sued herein as ALBERTS 1987 TRUST AGREEMENT, 900 SANTIAGO
7 STREET, SAN FRANCISCO, CA

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation, RICHARD WHITEHURST and GEORGE S. LOUIE | Case No. C 03 2942 SI |
| Plaintiffs, | **DEFENDANTS FIZZEE'S, LLC AND ALBERTS 1987 TRUST'S ANSWER TO COMPLAINT** |
| v. | **DEMAND FOR TRIAL BY JURY** |
| FIZZEE'S BAR, 3954 GEARY BLVD, SAN FRANCISCO, CA and ALBERTS 1987 TRUST AGREEMENT, 900 SANTIAGO STREET, SAN FRANCISCO, CA | |
| Defendants. | |

COME NOW defendant, FIZZEE'S, LLC, erroneously sued herein as FIZZEE'S BAR, 3954 GEARY BLVD, SAN FRANCISCO, CA and ALBERTS 1987 TRUST erroneously sued herein as ALBERTS 1987 TRUST AGREEMENT, 900 SANTIAGO STREET, SAN FRANCISCO, CA ("defendants" or "these answering defendants"), and respond to the Complaint for Violation of Civil Rights and Discrimination Against Persons With Disabilities; Americans With Disabilities Act of 1990; Cal. Civil Code §§54, *et seq.*; Cal Civil Code §3345; Cal. Health & Safety Code §§19955, *et seq.*, Negligence; Declaratory Relief; Damages for Personal Injury ("the Complaint"), as follows:

///

## INTRODUCTION

1. In response to the allegations contained in paragraph 1 of the Complaint, set forth between page 1, line 25 and page 3, line 13, these answering defendants: 1) admit that plaintiff AMERICANS WITH DISABILITIES ADVOCATES ("AWDA") is a legal entity incorporated in the States of Nevada and California that claims an exemption from paying corporate income tax pursuant to section 501(c) of the Internal Revenue Code; 2) admit that there is a height differential on Geary Boulevard between the subject property and the sidewalk immediately adjacent thereto; 3) deny that it is impossible for individuals with disabilities affecting mobility to gain access to FIZZEE's SPORTS BAR; and 4) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

## JURISDICTION

2. In response to the allegations contained in the two unnumbered paragraphs set forth between lines 15 and 21 on page 3, these answering defendants: 1) admit that the court has subject matter jurisdiction over the claims giving rise to a federal question and personal jurisdiction over these answering defendants; and 2) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

## VENUE

3. In response to the allegations contained in paragraph 3 of the Complaint, these answering defendants: 1) admit that venue is proper with respect to those claims over which this court has subject matter jurisdiction; 2) deny that FIZZEE'S BAR is a California corporation and/or a legal entity of any type; 3) deny that ALBERTS 1987 TRUST AGREEMENT is a California corporation and/or business; and 4) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

///

## PARTIES

4.      In response to the allegations contained in paragraph 4 of the Complaint, these answering defendants deny the allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

5.      In response to the allegations contained in paragraph 5 of the Complaint, these answering defendants:  1) admit that FIZZEE"S, LLC is located within San Francisco and that ALBERTS 1987 TRUST maintains a mailing address within San Francisco; 2) deny that  FIZZEE'S BAR and ALBERTS 1987 TRUST AGREEMENT are a for-profit partnership that own, operate, maintain and/or control retail establishments located in the City and County of San Francisco, State of California; and 3) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

6.      In response to the allegations contained in paragraph 6 of the Complaint, these answering defendants deny the allegations.

7.      In response to the allegations contained in paragraph 7 of the Complaint, these answering defendants deny the allegations.

## FACTUAL ALLEGATIONS

8.      In response to the allegations contained in paragraph 8 of the Complaint, these answering defendants deny the allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

9.      In response to the allegations contained in paragraph 9 of the Complaint, these answering defendants deny the allegations.

10.     In response to the allegations contained in paragraph 10 of the Complaint, these answering defendants deny the allegations.

11.     In response to the allegations contained in paragraph 11 of the Complaint, these answering defendants:  1) admit that FIZZEE"S, LLC owns, operates and maintains a business in the nature of a bar and tavern called "FIZZEE'S SPORTS BAR" within the

City and County of San Francisco, State of California; 2) deny that ALBERTS 1987 TRUST AGREEMENT owns, operates and maintains a public accommodation as FIZZEE'S BAR; 3) deny that either or both defendants failed to provide the minimum legally required access to FIZZEE'S SPORTS BAR for persons with disabilities; and 4) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

12. In response to the allegations contained in paragraph 12 of the Complaint, these answering defendants deny the allegations.

13. In response to the allegations contained in paragraph 13 of the Complaint, these answering defendants deny the allegations.

14. In response to the allegations contained in paragraph 14 of the Complaint, these answering defendants deny the allegations.

15. In response to the allegations contained in paragraph 15 of the Complaint, these answering defendants deny the allegations.

16. In response to the allegations contained in paragraph 16 of the Complaint, these answering defendants: 1) admit that California Civil Code §52(a) provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6;" 2) admit that this code section has been amended numerous times including 2001; and 3) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

17. In response to the allegations contained in paragraph 17 of the Complaint, these answering defendants: 1) admit that California Civil Code §51(a) was amended in

2001 to increase the minimum penalty amount from $1,000 to $4,000; and 2) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

18.  In response to the allegations contained in paragraph 18 of the Complaint, these answering defendants deny the allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

**FIRST CLAIM**

19.  In response to the allegations contained in paragraph 19 of the Complaint, these answering defendants admit the specified allegations are to be incorporated by reference and hereby incorporate herein by reference the responses to these allegations as set forth above.

20.  In response to the allegations contained in paragraph 20 of the Complaint, these answering defendants deny the allegations.

21.  In response to the allegations contained in paragraph 21 of the Complaint, these answering defendants:  1) admit that FIZZEE"S, LLC owns, operates and maintains a business in the nature of a bar and tavern called "FIZZEE'S SPORTS BAR" within the City and County of San Francisco, State of California that is open to the general public; 2) deny that ALBERTS 1987 TRUST AGREEMENT is a public accommodation; and 3) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

22.  In response to the allegations contained in paragraph 22 of the Complaint, these answering defendants deny the allegations.

23.  In response to the allegations contained in paragraph 23 of the Complaint, these answering defendants deny the allegations.

24.  In response to the allegations contained in paragraph 24 of the Complaint, these answering defendants deny the allegations.

25.  In response to the allegations contained in paragraph 25 of the Complaint,

**DEFENDANT FIZZEE'S, LLC'S ANSWER TO COMPLAINT - C 03 2942 SI**

these answering defendants deny the allegations.

**SECOND CLAIM**

26. In response to the allegations contained in paragraph 26 of the Complaint, these answering defendants admit the specified allegations are to be incorporated by reference and hereby incorporate herein by reference the responses to these allegations as set forth above.

27. In response to the allegations contained in paragraph 27 of the Complaint, these answering defendants: 1) admit that FIZZEE"S, LLC owns, operates and maintains a business in the nature of a bar and tavern called "FIZZEE'S SPORTS BAR" within the City and County of San Francisco, State of California that is open to the general public; 2) deny that ALBERTS 1987 TRUST AGREEMENT is a public accommodation; and 3) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

28. In response to the allegations contained in paragraph 28 of the Complaint, these answering defendants deny the allegations.

29. In response to the allegations contained in paragraph 29 of the Complaint, these answering defendants deny the allegations.

30. In response to the allegations contained in paragraph 30 of the Complaint, these answering defendants deny the allegations.

**THIRD CLAIM**

31. In response to the allegations contained in paragraph 31 of the Complaint, these answering defendants admit the specified allegations are to be incorporated by reference and hereby incorporate herein by reference the responses to these allegations as set forth above.

32. In response to the allegations contained in paragraph 32 of the Complaint, these answering defendants deny the allegations.

33. In response to the allegations contained in paragraph 33 of the Complaint, these answering defendants deny the allegations.

34. In response to the allegations contained in paragraph 34 of the Complaint, these answering defendants deny the allegations.

35. In response to the allegations contained in paragraph 35 of the Complaint, these answering defendants deny the allegations.

**FOURTH CLAIM**

36. In response to the allegations contained in paragraph 36 of the Complaint, these answering defendants admit the specified allegations are to be incorporated by reference and hereby incorporate herein by reference the responses to these allegations as set forth above.

37. In response to the allegations contained in paragraph 37 of the Complaint, these answering defendants: 1) admit that FIZZEE"S, LLC owns, operates and maintains a business in the nature of a bar and tavern called "FIZZEE'S SPORTS BAR" within the City and County of San Francisco, State of California that is open to the general public; 2) deny that ALBERTS 1987 TRUST AGREEMENT is a public accommodation; 3) deny that any actions on the part of these answering defendants constituted a denial of access to or use of FIZZEE'S SPORTS BAR; and 4) deny the remaining allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

38. In response to the allegations contained in paragraph 38 of the Complaint, these answering defendants deny the allegations.

39. In response to the allegations contained in paragraph 39 of the Complaint, these answering defendants deny the allegations.

**FIFTH CLAIM**

40. In response to the allegations contained in paragraph 40 of the Complaint, these answering defendants admit the specified allegations are to be incorporated by reference and hereby incorporate herein by reference the responses to these allegations as set forth above.

41. In response to the allegations contained in paragraph 41 of the Complaint,

*DEFENDANT FIZZEE'S, LLC'S ANSWER TO COMPLAINT - C 03 2942 SI*

1 these answering defendants admit the allegations.

2     42.    In response to the allegations contained in paragraph 42 of the Complaint,
3 these answering defendants deny the allegations.

4     43.    In response to the allegations contained in paragraph 43 of the Complaint,
5 these answering defendants deny the allegations.

6     44.    In response to the allegations contained in paragraph 44 of the Complaint,
7 these answering defendants: 1) admit that the various statutory references contained
8 therein were in effect in their various iterations on the dates stated within the statutes
9 themselves; 2) require compliance with the mandates contained therein in accordance with
10 language of the statutes themselves, as well as the case law interpreting them; and 3)
11 deny the remaining allegations contained therein based upon the absence of knowledge
12 and information sufficient to form a belief as to the truth of the allegations.

13     45.    In response to the allegations contained in paragraph 45 of the Complaint,
14 these answering defendants deny the allegations.

15     46.    In response to the allegations contained in paragraph 46 of the Complaint,
16 these answering defendants deny the allegations.

17 **SIXTH CLAIM**

18     47.    In response to the allegations contained in paragraph 47 of the Complaint,
19 these answering defendants admit the specified allegations are to be incorporated by
20 reference and hereby incorporate herein by reference the responses to these allegations
21 as set forth above.

22     48.    In response to the allegations contained in paragraph 48 of the Complaint,
23 these answering defendants admit the allegations.

24     49.    In response to the allegations contained in paragraph 49 of the Complaint,
25 these answering defendants deny the allegations.

26 **SEVENTH CLAIM**

27     50.    In response to the allegations contained in paragraph 50 of the Complaint,
28 these answering defendants admit the specified allegations are to be incorporated by

*DEFENDANT FIZZEE'S, LLC'S ANSWER TO COMPLAINT - C 03 2942 SI*

reference and hereby incorporate herein by reference the responses to these allegations as set forth above.

51. In response to the allegations contained in paragraph 51 of the Complaint, these answering defendants deny the allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

52. In response to the allegations contained in paragraph 52 of the Complaint, these answering defendants deny the allegations contained therein based upon the absence of knowledge and information sufficient to form a belief as to the truth of the allegations.

53. In response to the allegations contained in paragraph 53 of the Complaint, these answering defendants deny the allegations.

As and for separate and distinct affirmative defenses to plaintiffs' complaint on file herein, defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs fail to state facts sufficient to state a claim upon which relief may be granted against these answering defendants.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiffs failed, and continue to fail, to take reasonable steps to mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiffs lack standing.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs' claims for damages are due, if at all, to the wrongful conduct of others.

**FIFTH AFFIRMATIVE DEFENSE**

5. The accommodations requested by plaintiffs are not readily achievable.

**SIXTH AFFIRMATIVE DEFENSE**

6. The accommodations requested by plaintiffs are not feasible.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The accommodations requested by plaintiffs would result in undue burden.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiffs' claims are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs' claims are barred by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiffs' claims are barred by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiffs were partially, if not wholly, negligent or otherwise at fault and should be barred from recovery of that portion of the damages directly attributable to their proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The damages sustained by plaintiffs, if any, were caused, in whole or in part, by the negligence or fault of others for which defendants are not liable or responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. If defendants are responsible in any respect for any injuries or damages suffered by plaintiffs, which defendants expressly deny, such injuries or damages have been caused by or contributed to by others, and defendants' proportional liability, if any, should be reduced to the extent thereof.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Defendants did not intentionally, or otherwise, impede or impair access to plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

*DEFENDANT FIZZEE'S, LLC'S ANSWER TO COMPLAINT - C 03 2942 SI*

15. Plaintiffs' claims, if any, are barred by their failure to exhaust administrative remedies.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Any award of punitive damages in this action would violate defendants' constitutional rights, including the right to due process.

### REQUEST FOR TRIAL BY JURY

Defendants hereby request trial by jury on all issues triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, defendants respectfully request:

1. That plaintiffs take nothing by way of their complaint;
2. That plaintiffs' complaint be dismissed in its entirety with prejudice;
3. That defendants be granted their reasonable attorneys' fees, costs and expenses; and
4. That the court award such other and further relief as it deems just and proper.

Dated: August 18, 2003　　　　　　　Respectfully submitted,

**AARON & WILSON, LLP**

By _____
ROBERT S. AARON
*Attorneys for Defendants*
FIZZEE'S, LLC erroneously sued herein as FIZZEE'S BAR, 3954 GEARY BLVD, SAN FRANCISCO, CA and ALBERTS 1987 TRUST erroneously sued herein as ALBERTS 1987 TRUST AGREEMENT, 900 SANTIAGO STREET, SAN FRANCISCO, CA

**DEFENDANT FIZZEE'S, LLC'S ANSWER TO COMPLAINT - C 03 2942 SI**